# AHMAD KESHAVARZ
*Attorney at Law*

16 COURT ST., #2600      WWW.NEWYORKCONSUMERATTORNEY.COM      Telephone: (718) 522-7900
BROOKLYN, NY 11241       E-mail: ahmad@NewYorkConsumerAttorney.com      Fax: (877) 496-7809

March 11, 2022

**VIA ECF**
Hon. Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Opposition to Motion to Stay All Discovery and Adjournment of Initial Conference by Synergetic Communication, Inc., Dkt. No. 45.
*Ghabra v. Palisades Collection, LLC, et al.,* No. 1:21-cv-03599-WFK-VMS

Dear Judge Scanlon:

The undersigned represents the Plaintiff Fawwaz Ghabra in the above-captioned action against Defendants Palisades Collection, LLC ("Palisades"), a putative judgment creditor assignee, and its debt collection servicers FBCS, Inc. ("FBCS"), and Synergetic Communication, Inc. ("Synergetic") for their violations of the FDCPA and GBL § 349. Plaintiff submits this opposition to stay discovery as to all defendants and to adjourn the initial conference *sine die*.

## SUMMARY OF CLAIMS

Plaintiff alleges in her first amended complaint (Dkt. No. 35) that defendants violated the FDCPA and GBL 349 by, *inter alia*, seeking to collect on a debt arising from identity theft that resulted in a "sewer service"[1] judgment, attempting to collect on an assigned judgment without first providing a notice of assignment, continuing to collect on the fraudulent judgment despite receiving irrefutable documentary evidence of the sewer service, ratifying the sewer service by attempting to collect the sewer service judgment, retaining the benefits of the fraudulent judgment, and forcing Mr. Ghabra to retain an attorney and incur attorney's fees to vacate the fraudulent judgment. After Mr. Ghabra vacated the default judgment, and indeed after defendants were served the complaint in this action, Palisades, through Synergetic, sent a letter demanding payment on the judgment.

## ARGUMENT

**1. A discovery stay requires each defendant to show "good cause" under Fed.R.Civ.P. 26(c).**

"The mere filing of a dispositive motion does not warrant the issuance of a stay under *Rule 26(c)*." *Hachette Distribution, Inc. v. Hudson County News Co., Inc*., 136 F.R.D. 356, 358 (E.D.N.Y. 1991); *see also Fantastic Graphics Inc. v. Hutchinson*, 2010 WL 475309, * 3

---

[1] Sewer service is "the practice of failing to serve a summons and complaint and then filing a fraudulent affidavit attesting to service. When the debtors failed to appear in court because they did not have notice of the lawsuits, defendants obtained default judgments against them." *Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 418 (S.D.N.Y. 2010).

1

(E.D.N.Y. 2010). Instead the Courts look to a number of factors, no one of which is dispositive. *Id*.

The factor most relevant to the case at bar, where dismissal is not sought by all defendants, is whether the party seeking dismissal would likely still be subject to non-party discovery. *ADL, LLC v. Tirakian*, No. CV2006-5076(SJF)(MDG, 2007 WL 1988751, at *3 (E.D.N.Y. July 5, 2007)(denying motion to stay) ("Given the nature of the allegations against defendants, the moving defendants are important witnesses... Even if the moving defendants' are dismissed, the plaintiffs are likely to continue to seek discovery from the moving defendants as non-parties."). Among the other factors are whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious, the breadth of discovery and the burden of responding to it; and, the risk of unfair prejudice to the party opposing the stay. *Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006).

2. **A stay should be denied as to any – and certainly as to all – defendants even assuming, *arguendo*, Synergetic and Palisades prevail in their motion to dismiss and motion for partial dismissal, respectively.**

Defendants' primary argument for a stay is that Synergetic has filed a motion to dismiss based on jurisdiction on venue upon which it believes it will prevail. Defendants mention that Palisades has filed a motion to dismiss, but do not disclose it is only a partial dismissal as to one of Plaintiff's claims. Defendant FBCS has not moved to dismiss.

Assuming, *arguendo*, Synergetic and Palisades ultimately prevail in their motions, defendants still should not prevail in staying discovery as to any, and certainly not to all defendants.

First, Palisades is not seeking to dismiss plaintiff's FDCPA claim, only plaintiff's GBL 349 claim. Therefore plaintiff's FDCPA claim would go forward regardless of the ruling on the application of Palisades. Plaintiff's FDCPA and GBL claims are based on the same nuclease of operative facts. Indeed, Palisade's primary argument is not that they did not make a deceptive misrepresentation under GBL 349 (they do not dispute that), but rather that Ms. Ghabra, a resident of California, may not invoke New York consumer protection laws.[2] The stay should be denied as to Palisades.

Second, FBCS has answered so there is no reason to stay discovery as to FBCS. The sole reason given by defendants is "it makes little sense for the case to proceed solely against that defendant alone [sic]." Defendants do not explain the basis for this assertion, nor is one self-evident. If anything, it makes no sense to stay discovery as to the two defendants for whom the case will be proceeding when only one defendant is seeking to dismiss all claims against it.

Third, Synergetic does not dispute that Plaintiff states a claim against it for violations of the FDCPA and GBL 349 and that he should not be able to pursue those claims. Rather, Synergetic's sole argument is that Plaintiff should bring his action in another state, either

---

[2] Palisades' made a conclusory statement that its conduct was not consumer-oriented but not address in any way Plaintiff's pleadings as to how the conduct was consumer-oriented. Collecting on sewer service judgments and judgments without the consumer first being receiving a notice of assignment of the judgment have been held to state claims under GBL 349 and well as the FDCPA.

2

California where Plaintiff resides or Texas where Synergetic is incorporated.[3] Therefore, discovery will proceed against Synergetic in one venue or the other. As such the stay should be denied as to Synergetic.

Fourth, and most importantly, even if Synergetic were dismissed tomorrow and Mr. Ghabra never files a suit against Synergetic in another venue, there would certainly be third-party discovery to Synergetic as they are a material witness. *See Hatchette* at 359 (denying motion to stay discovery) ("discovery will proceed in the case whether or not the Wholesaler Defendants' motion [to dismiss] is granted. If the Wholesaler Defendants' motion is granted… [the remaining parties] are likely to continue to conduct discovery with respect to the Wholesalers as non-parties… [because they] are, at the very least, material witnesses in this litigation based on the allegations of the complaint. In sum, discovery of the Wholesalers is inevitable, whether or not they remain in the case as parties.")

The same is true here. A central issue on the case is what each defendant knew, when they knew it, what they communicated to each other about the collection of the sewer service judgment. *See* first-amended complaint (Dkt. No. 35) ¶¶ 38-76. Mr. Ghabra's claims against all defendants are closely interwoven. *Id*. All defendants violated the FDCPA and GBL 349 by seeking to collect a judgment allegedly assigned to Palisades without Mr. Ghabra ever receiving a notice of judgment assignment, a condition precedent to being able to lawfully collect. In July 2021 Palisades, through FBCS, called and then sent collection letters seeking to collect on the sewer service judgment. Mr. Ghabra provided FBCS and Palisades irrefutable documentary evidence that he was living in Dubai, and thus could not have been served in New York, as well as a police report and identity theft affidavit that he never incurred the putative debt. Mr. Ghabra demanded Palisades vacate the judgment. After receiving this documentary evidence, Palisades and FBCS doubled down by forwarding the account to Synergetic for further collections. In January 2021 Palisades, through Synergetic, sent a collection letter to Mr. Ghabra again seeking to collect the known fraudulent judgment. Mr. Ghabra mailed to Synergetic and Palisades the documentary proof the judgment could only have been entered through a fraudulent affidavit of service, and again demanded Palisades vacate the default judgment. In February 2021 Palisades, through Synergetic, wrote Mr. Ghabra to "confirm" he owed the debt. Again in April 2021 Mr. Ghabra provided Synergetic and Palisades written documentation demonstrating the judgment was entered fraudulently and demanded Palisades vacated the fraudulent judgment. Because Palisades refused to vacate the judgment, and given that Palisades and Synergetic would not cease their collection efforts, Mr. Ghabra retained an attorney in New York who filed an Order to Show Cause in June 2021 to vacate the judgment. The application was granted and in July 2021. Palisades was served with notice of both the Order to Show Cause and the order vacating the judgment. Plaintiff then filed this FDCPA suit and served all defendants on August 23, 2021. Not to be deterred, on September 27, 2021 Palisades, through Synergetic, sent a collection letter seeking to collect on the now-vacated judgment.

Consequently discovery as to all of the defendants is crucial in establishing liability for

---

[3] Indeed, in its letter for pre-motion conference to file a motion to dismiss (Dkt. No. 31) Synergetic essentially admits Plaintiff's case (and thus the related discovery) will proceed, the only issue is in which venue:
> Defendant Synergetic is not suggesting that the entire lawsuit be dismissed or transferred pursuant to Fed.R.Civ.P. 12(b)(2). It is suggesting that all allegations pertaining to Synergetic render this case unsuitable for adjudication in this court. Plaintiff has a choice of proceeding in the Central District of California or the Southern District of Texas. Plaintiff is not without a remedy to proceed with his claims against Synergetic.

any of the defendants given the importance of issues of knowledge of each defendant and communications among the defendants.

Moreover, Palisades is vicariously liable for the acts of its debt collector agents Synergetic and FBCS. The liability of Synergetic is the liability of Palisades. Therefore, plaintiff will need (and obtain) the same discovery against Synergetic as a non-party as it would as a party. Therefore, the request for a stay should be denied as to all defendants.

3. **Synergetic does not meet its burden to demonstrate a "strong showing" that the plaintiff's claims are "unmeritorious."**

Synergetic's primary argument is that "Synergetic is confident that its motion will be granted and that all claims against Synergetic will either be dismissed or transferred to the appropriate District Court." However need to do more than just assert it believe it will prevail, it must make a "strong showing that the plaintiff's claim is unmeritorious." *Hollins*, *supra*, at 78. Synergetic contends it is a "located in Texas." This is misleading based on the assertions in the first-amended complaint, Dkt. No. 35, ¶ ¶ 12 -17, that Synergetic is a licensed in New York as a debt collector; collected or attempted to collect on 80,269 New York City accounts in 2019 and 68,622 New York City accounts in 2020 by directly contacting New York consumers; and engages in continuous and systematic business activities in New York, specifically debt collection. Moreover, this case is about Synergetic attempting to satisfy a New York judgment and then attempting to collect on that New York judgment after it was vacated. Id. ¶ ¶ 71-76.

While defendants mention there is a briefing schedule for Palisade's (partial) motion for summary judgment, they state nothing about the motion. Not only did Palisade's not make a "strong showing," it made no argument at all. As the burden is on Palisades to show good cause, the application for stay should be denied as to Palisades.

4. **The breadth of discovery and the burden of responding to it and, the risk of unfair prejudice to the party opposing the stay.**

Defendants cannot complain about the "burden of responding" to discovery as discovery has not yet been served. A stay would unfairly prejudice plaintiff, violating the Fed.R.Civ.P. 1 admonition for a "just, speedy, and inexpensive" determination of every action. The parties would likely be able to complete (or nearly complete) fact discovery in the time it would take to fully brief and have a decision on the motion to dismiss and motion for partial dismissal. The case could be ready for either summary judgment or for trial, or perhaps been settled in the time it would take to resolve the stay application. There is no additional expense for Synergetic to answer discovery now in this action than it would be to answer it later either in this action as a third-party or as a party in an action in a different venue. In contrast, third-party discovery by plaintiff against a Texas corporation would require plaintiff to incur the expense of issuing and serving subpoenas for documents and depositions, and to travel to Texas for deposition. Should Synergetic resist producing all documents sought, object to deposition topics, or object to answering a question in deposition, plaintiff's remedy switches from merely filing a letter application in this court to having to hire local counsel to open a miscellaneous action in Texas to compel discovery compliance.

For these reasons, plaintiff prays the court denies defendants' application to stay discovery as to all defendants and to adjourn the initial conference *sine die*.

Respectfully,

/s/
Ahmad Keshavarz
cc: all counsel via ECF