UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
FAWWAZ GHABRA,  :
    :
                Plaintiff,  :
    :  **ORDER**
    -against-  :
    :  21 Civ. 3599 (WFK) (VMS)
PALISADES COLLECTION, L.L.C., FBCS,  :
INC., and SYNERGETIC COMMUNICATION,  :
INC.,  :
    :
                Defendants.
------------------------------------------------------------ x

**Vera M. Scanlon, United States Magistrate Judge:**

For the reasons set forth below, the 8/9/2022 joint motion for discovery at 64, as limited by the 8/31/2022 status report at 67 and the 10/31/2022 status report at 76, is granted in part and denied in part.

**I.  REQUEST FOR PRODUCTION 17 FROM PLAINTIFF FAWWAZ GHABRA ("PLAINTIFF") TO DEFENDANT FBCS, INC. ("FBCS")**

Request for production 17 from Plaintiff to FBCS seeks "[d]ocuments, including any manuals, governing the use of any collection software you used in relation to Mr. Ghabra, the Collection Lawsuit, or the Putative Debt." ECF No. 64-1 at 7.

FBCS asserts the following objections to the request: (1) it is not proportional to the needs of the case, see ECF No. 64-7 at 15; (2) it is overbroad, see id.; (3) it seeks confidential and proprietary business information, see id.; (4) it seeks documents that are irrelevant to the claims and defenses at issue, given that "Plaintiff has not alleged that FBCS's collection activity violated the FDCPA in any other way, aside from whether it attempted to collect a debt it was not legally entitled to collect because allegedly no Notice of Assignment was provided," ECF No. 64 at 9; see also ECF No. 64-7 at 15; and (5) it uses the term, "debt," which is a legal term,

and therefore requires FBCS to draw a legal conclusion in responding to the request, see ECF No. 64-7 at 15-16.

Plaintiff contends that FBCS "provides only objections consisting of legal arguments about the definition of a 'debt' under 15 U.S.C. § 1692a(5)," which do not constitute valid objections. ECF No. 64 at 3 (citation omitted).

Due to their generality, the first three objections are facially noncompliant with Fed. R. Civ. P. 34(b)(2)(B) and 34(b)(2)(C), and the Court therefore declines to consider them. The Court overrules FBCS's fourth objection, as, even assuming arguendo the validity of FBCS's underlying reasoning, FBCS's assertion as to the limited scope of Plaintiff's allegations is flatly incorrect. See, e.g., ECF No. 34 at 9, n.3, ¶ 44, 11, n.4, ¶ 127. The Court also overrules FBCS's fifth objection. For purposes of its discovery requests, Plaintiff defined "putative debt" as "the debt at issue in the state court case captioned Hawker Financial Corporation AAO Marshall Fields, Index No. CV-172650-06/KI, including the resulting judgment." ECF No. 64-1 at 3. FBCS need not draw any legal conclusions to respond to this request.

In sum, FBCS's objections to request for production 17 are overruled in their entirety. FBCS is to fully respond to the request within one week of the date of this Order.

**II.     REQUEST FOR PRODUCTION 19 FROM PLAINTIFF TO FBCS**

Request for production 19 from Plaintiff to FBCS seeks "documents to state the number of Assigned Judgments you were assigned or that you had for collection each year from 2018 to present and the total face value of those judgments for each year." ECF No. 64-1 at 7.

FBCS asserts the following objections to the request: (1) it is not proportional to the needs of the case, see ECF No. 64-7 at 16; (2) it is overbroad, seeking "documents from over two years prior to the Plaintiff's account being placed with FBCS for collection," id.; (3) it seeks

confidential and proprietary business information, see id.; (4) it seeks documents that are irrelevant to the claims and defenses at issue and, relatedly, seeks "evidence of activity directed toward other individuals by FBCS[, which] is not admissible to prove violations in this case," ECF No. 64 at 9 (citations omitted); see ECF No. 64-7 at 16; (5) it seeks information that FBCS "does not track," ECF No. 64-7 at 16; and, (6) to the extent it seeks discovery as to punitive damages, such discovery is stayed, see ECF No. 64-9 at 3 (citation omitted).

Plaintiff contends that, while FBCS objects to the request, noting that it does not track the number of assigned judgments, FBCS "clearly has information for its accounts showing whether a judgment was assigned, since its collection letters to Mr. Ghabra show both the current and original creditor." ECF No. 64 at 3 (citation omitted). Plaintiff explains that it "seeks these documents to show that FBCS's deceptive conduct was consumer-oriented under GBL § 349." Id. More specifically, because FBCS's position "is to 'rely' on the representations from its clients with Assigned Judgments that the debts it is collecting are valid, . . . the number of Assigned Judgments will show how many other consumers could potentially be effected [sic] by the disregard that FBCS showed to Mr. Ghabra." Id. at 3-4. Plaintiff additionally argues that FBCS must assert its objection related to proportionality and burden with specificity. See id. at 4 (citation omitted).

The first and third objections are general and facially noncompliant with Fed. R. Civ. P. 34(b)(2)(B) and 34(b)(2)(C), and the Court therefore declines to consider them. As to the fifth objection, FBCS's lack of tracking of the information requested does not constitute a valid objection. The sixth objection is similarly overruled because FBCS interposed the objection only to the extent that it seeks discovery as to punitive damages, which is not the circumstance at issue. The Court also overrules the second and fourth objections. Plaintiff is seeking documents

3

in relation to the "consumer-oriented" element of its claim asserted pursuant to New York General Business Law § 349. Information pertaining to similar conduct in which FBCS may have engaged in relation to non-parties is relevant to this element of the claim. See Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co., 150 N.Y.S.3d 79, 85 (considering the "consumer-oriented" element of the claim and reasoning that, "[s]ignificantly, defendant's conduct is not unique to the parties before us"), reh'g denied, 154 N.Y.S.3d 27 (N.Y. 2021).

In sum, FBCS's objections to request for production 19 are overruled in their entirety. FBCS is to fully respond to the request within one week of the date of this Order.

### III. REQUEST FOR PRODUCTION 9 FROM PLAINTIFF TO PALISADES COLLECTION, L.L.C. ("PALISADES")

Request for production 9 from Plaintiff to Palisades seeks "[d]ocuments reflecting your policies and procedures to make sure a Notice of Assignment has been sent prior to having an Assigned Judgment to be Collected upon." ECF No. 64-1 at 6.

Palisades asserts the following objection to the request: (1) it seeks information that is irrelevant and "not likely to lead to admissible evidence, as the Assignor of a judgment is legally obligated to send a Notice of Assignment, not the assignee." ECF No. 64-10 at 6.

Plaintiff contends Palisades "stated that it has 'so far' not located any responsive documents to this request but that it would continue to search." ECF No. 64 at 4. Plaintiff seeks to clarify "whether Palisades will produce such documents if located or whether it will be standing on its objections." Id.

In accordance with Fed. R. Civ. P. 34(b)(2)(C), as well as Plaintiff's request, within one week of the date of this Order, Palisades must serve an amended response to request for

4

production 9 to indicate whether it is withholding otherwise responsive documents on the basis of its objection or, if not, produce any responsive documents.

**IV.     REQUEST FOR PRODUCTION 10 FROM PLAINTIFF TO PALISADES**

Request for production 10 from Plaintiff to Palisades seeks "[a]ny collection, policy or procedure manual that would govern the collection of the putative debt." ECF No. 64-1 at 6.

Palisades asserts the following objections to the request: (1) it is not proportional to the needs of the case, see ECF No. 64-10 at 6; (2) it is overbroad, see id.; (3) it seeks confidential and proprietary documents, see id.; (4) it seeks documents that are irrelevant to the claims and defenses at issue and that are unlikely to lead to admissible evidence, given (a) that "Palisades did not seek to collect the putative debt, a task that was carried out by others," and (b) that "[t]he documents requested will not shed light on whether Plaintiff has a claim under the FDCPA, a strict liability statute," id.; and (5) Palisades's pending motion to dismiss Plaintiff's claim asserted pursuant to New York General Business Law § 349 excuses its compliance with this request for production, see ECF No. 64 at 11.

Plaintiff contends that, while Palisades produced its agreements with InvestiNet, it refuses to produce discovery pertaining to Plaintiff's claim asserted pursuant to New York General Business Law § 349 unless and until Palisades's motion to dismiss is denied. See id. at 4 (citation omitted). Plaintiff notes that Palisades has not sought a stay pending a decision on its motion to dismiss and that the only stay in effect is limited to discovery related to punitive damages. See id.

Due to their generality, the first three objections are facially noncompliant with Fed. R. Civ. P. 34(b)(2)(B) and 34(b)(2)(C), and the Court therefore declines to consider them. Palisades's fifth objection is without legal basis, as the pendency of a motion to dismiss does not

5

automatically stay discovery, and is therefore overruled. The Court also overrules Palisades's fourth objection. As to the first component of the objection, namely that the collection of the putative debt at issue was undertaken by entities other than Palisades, whether the manuals sought belong to Palisades or any other entity is inconsequential, so long as such manuals govern the collection of the putative debt and are in Palisades's possession, custody or control. The request is not limited to Palisades's manuals. If any manuals responsive to the request are in Palisades's possession, custody, or control, they must be produced. As to the second component of the objection, namely that the manuals are irrelevant to Plaintiff's claim asserted pursuant to the FDCPA because it imposes strict liability for violations, the Court disagrees. For example, if an entity has created a manual setting forth practices that comply with the FDCPA, the existence of such a manual would tend to make compliance therewith more likely and violations of the FDCPA less likely, rendering the manual relevant.

In sum, Palisades's objections to request for production 10 are overruled in their entirety. Palisades is to fully respond to the request within one week of the date of this Order.

## V.     REQUEST FOR PRODUCTION 17 FROM PLAINTIFF TO PALISADES

Request for production 17 from Plaintiff to Palisades seeks "[d]ocuments, including any manuals, governing the use of any collection software you used in relation to Mr. Ghabra, the Collection Lawsuit, or the Putative Debt." ECF No. 64-1 at 7.

Palisades asserts the following objections to the request: (1) it is not proportional to the needs of the case, see ECF No. 64-10 at 8; (2) it is overbroad, see id.; (3) it is unduly burdensome, see id.; (4) it seeks confidential and proprietary information, see id.; (5) it seeks information that is irrelevant to the claims and defenses at issue and that is unlikely to lead to

6

admissible evidence, as "Palisades' use of 'collection software' has no bearing on the FDCPA violations alleged by Plaintiff," id.; and (6) "no discrete 'manuals'" exist, id.

Plaintiff contends that "responsive documents are relevant to understanding how Palisades attempted to collect on the debt at issue, including its violations of the FDCPA, using the collection software," the existence of which Palisades does not deny. See ECF No. 64 at 5.

The first four objections are general and facially noncompliant with Fed. R. Civ. P. 34(b)(2)(B) and 34(b)(2)(C), and the Court therefore declines to consider them. The Court overrules FBCS's fifth objection, as the collection procedures used in relation to this action, which may include collection software, are certainly relevant to Plaintiff's claim asserted against Palisades pursuant to the FDCPA. See, e.g., ECF No. 34 at 9, n.3, ¶ 59, ¶ 127. The sixth objection is similarly overruled, as it does not constitute a valid objection. If the requested documents do not exist, then Palisades cannot produce any responsive documents. If the requested documents do exist, then Palisades must produce the responsive documents.

In sum, FBCS's objections to request for production 17 are overruled in their entirety. Palisades is to fully respond to the request within one week of the date of this Order.

## VI.   REQUEST FOR PRODUCTION 18 FROM PLAINTIFF TO PALISADES

Request for production 18 from Plaintiff to Palisades seeks "[t]he order to show cause to vacate the default judgment in the Collection Lawsuit, and documents sufficient to show on what date you received it." ECF No. 64-1 at 7.

Palisades asserts the following objection to the request: (1) Palisades "did not receive the order to show cause to vacate the default judgment in the Collection Lawsuit, except as an exhibit to the Complaint and Amended Complaint herein, which Palisades received only after the events complained of." ECF No. 64-10 at 8.

7

Plaintiff contends that "Palisades refuses to provide documents sufficient to show on what date it received the OSC, instead claiming that 'it did not receive the order to show cause . . . except as an exhibit to the Complaint and Amended Complaint herein.'" ECF No. 64 at 5 (citation omitted). Plaintiff argues that "Palisades does not state why this method of receipt absolves it from disclosing the date on which it was received." Id.

Within one week of the date of this Order, Palisades is to produce all documents that evidence the date on which it first received a copy of the order to show cause referenced in the request at issue, whether upon receipt of the complaint, upon receipt of the amended complaint, or on another date.

### VII.   REQUEST FOR PRODUCTION 19 FROM PLAINTIFF TO PALISADES

Request for production 19 from Plaintiff to Palisades seeks "documents to state the number of Assigned Judgments you were assigned or that you had for collection each year from 2018 to present and the total face value of those judgments for each year." ECF No. 64-1 at 7.

Palisades asserts the following objections to the request: (1) it is not proportional to the needs of the case, see ECF No. 64-10 at 9; (2) it is overbroad, see id.; (3) it is unduly burdensome, and the burden in responding to discovery requests must "be balanced against the relevance of the information sought (tenuous at best) and the needs of the case (small)," ECF No. 64 at 12; see ECF No. 64-10 at 9; and (4) it seeks information that is irrelevant to the claims and defenses at issue and that is unlikely to lead to admissible evidence, as "the number of judgments assigned to Palisades is irrelevant to Plaintiff's claims," ECF No. 64-10 at 9. Palisades additionally notes that providing a notice of assignment is "the legal obligation of the assignor of a judgment, not an assignee like Palisades." See ECF No. 64 at 11 (citation omitted).

8

Plaintiff contends that Palisades uses "conclusory boilerplate objections as to burden and proportionality." ECF No. 64 at 5-6 (citation omitted). Plaintiff also argues that, while Palisades claims an inability to search its records without examining each complaint, Palisades does not offer the estimated time that would be expended and expense that would be incurred in doing so. Id. at 6 (citation omitted). Plaintiff explains that it "seeks these documents to show that Palisades' deceptive conduct was consumer-oriented under GBL § 349." Id. More specifically, "[t]he number of Assigned Judgments and other lawsuits similar to this one will show how many other consumers could potentially be effected [sic] by the disregard that Palisades showed to Mr. Ghabra." Id.

Due to their generality, the first and second objections interposed are facially noncompliant with Fed. R. Civ. P. 34(b)(2)(B) and 34(b)(2)(C), and the Court therefore declines to consider them. The Court overrules the fourth objection. Plaintiff is seeking documents in relation to the "consumer-oriented" element of its claim asserted pursuant to New York General Business Law § 349. Information pertaining to similar conduct in which FBCS may have engaged in relation to non-parties is relevant to this element of the claim. See Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co., 150 N.Y.S.3d 79, 85 (considering the "consumer-oriented" element of the claim and reasoning that, "[s]ignificantly, defendant's conduct is not unique to the parties before us"), reh'g denied, 154 N.Y.S.3d 27 (N.Y. 2021). As to the third objection, the Court has insufficient information to assess the burdensomeness raised by Palisades. Within one week of the date of this Order, Palisades is to report via letter to the Court the estimated time, expense and/or other difficulties associated with responding to this request. Plaintiff may respond one week thereafter. The Court will then decide whether Palisades's objection will be sustained or overruled. As to Palisades's argument

that it is excused from responding to this request because it does not bear the legal obligation to provide a notice of assignment, whether such obligation belongs to Palisades or any other entity is inconsequential, as the request does not concern notices of assignment.

### VIII. INTERROGATORY 13 FROM PLAINTIFF TO PALISADES

Interrogatory 13 from Plaintiff to Palisades asks: "For any time you have been sued for Collecting on an Assigned Judgment without having a Notice of Assignment being sent or received by the consumer, what steps, if any, did you take after each suit to ensure that you would only on [sic] Collect upon Assigned Judgments where a notice of assignment had been sent." ECF No. 64-1 at 9.

Palisades asserts the following objections to the interrogatory: (1) it is not proportional to the needs of the case, as "Palisades is not able to search its records for this information without examining each and every complaint for its contents," ECF No. 64-10 at 9, 13; (2) it is overbroad, see id. at 13; (3) it is unduly burdensome, and the burden in responding to discovery requests must "be balanced against the relevance of the information sought (tenuous at best) and the needs of the case (small)," ECF No. 64 at 12, see ECF No. 64-10 at 13; (4) it seeks information that is irrelevant to the claims and defenses at issue and that is unlikely to lead to admissible evidence, as "claims by others are not relevant to Plaintiff's claims," ECF No. 64-10 at 9, 13; and (5) the information sought is publicly available, see id. at 9. Palisades notes that providing a notice of assignment is "the legal obligation of the assignor of a judgment, not an assignee like Palisades." ECF No. 64 at 11 (citation omitted).

Plaintiff contends that Palisades uses "conclusory boilerplate objections as to burden and proportionality." Id. at 5-6 (citation omitted). Plaintiff argues that, while Palisades claims an inability to search its records without examining each complaint, Palisades does not offer the

10

estimated time that would be expended and expense that would be incurred in doing so. See id. at 6 (citation omitted). Plaintiff explains that it "seeks these documents to show that Palisades' deceptive conduct was consumer-oriented under GBL § 349." Id. More specifically, "[t]he number of Assigned Judgments and other lawsuits similar to this one will show how many other consumers could potentially be effected [sic] by the disregard that Palisades showed to Mr. Ghabra." Id.

Due to its generality, the second objection interposed is facially noncompliant with Fed. R. Civ. P. 34(b)(2)(B) and 34(b)(2)(C), and the Court therefore declines to consider it. As to Palisades's argument that it is excused from responding to this interrogatory because it does not bear the legal obligation to provide a notice of assignment, whether such obligation belongs to Palisades or any other entity is inconsequential, as the response to the interrogatory does not depend upon any such obligation. As to the first, third, and fifth objections, the Court has insufficient information to assess the proportionality and burdensomeness concerns raised by Palisades. However, the Court need not resolve these objections, as it sustains the fourth objection. The remedial steps, if any, undertaken by Palisades in response to any lawsuits referenced in the interrogatory are irrelevant to the "consumer-oriented" element of Plaintiff's claim asserted pursuant to New York General Business Law § 349.

The parties are reminded of the case management deadlines set forth in the 10/12/2022 Order and the requirements for the 12/8/2022 conference.

Dated: Brooklyn, New York
      December 7, 2022

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge